UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GUMARO MALDONADO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-300 |
| | § | |
| YOKOHAMA TIRE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff's Motion to Remand (D.E. 6). This case arises from an alleged single-vehicle tire detread accident. Plaintiff passenger, Gumaro Maldonado (Maldonado), has alleged negligence and product liability claims against Victor Laredo, Jr. (Laredo), the driver of the vehicle, and Yokohama Tire Corporation (Yokohama), the manufacturer of the tire. Yokohama removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. To maintain federal jurisdiction, Yokohama must prevail on at least two issues: (1) disregarding the citizenship of Laredo, who is a non-diverse defendant; and (2) showing a bad faith exception to the one-year limitation on removal. Because it has not shown that it prevails on these issues, the Court GRANTS the Motion to Remand.

## STANDARD OF REVIEW

Yokohama contends that Laredo is improperly joined. "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en*

*banc*). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

The Court resolves this matter by evaluating "all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)); *see also Boone*, 416 F.3d at 388; *Smallwood*, 385 F.3d at 573. The relevant allegations are stated in the Plaintiff's First Amended Petition (D.E.1–10) filed in state court, which is the operative pleading for this jurisdictional question. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

## DISCUSSION

Maldonado has alleged that "At the time of the subject accident, Victor Laredo, Jr. was negligent in failing to operate the vehicle in a reasonable and prudent manner and in failing to control the vehicle during the crash event and tread separation." D.E. 1-10, p. 5. Yokohama contends that Maldonado cannot establish his cause of action against Laredo because Maldonado, in his deposition, could not specify what acts or omissions in Laredo's conduct were negligent, but instead deferred to his lawyers' investigators. He


testified that Laredo might have been able to prevent the accident "by stepping on the brakes or maybe by turning the wheels the other way or something." D.E. 1-22, p. 20.

Yokohama equates this testimony to the admissions that negated the plaintiffs' claims in *Ramirez v. Michelin North America, Inc.*, No. C-07-228, 2007 WL 2126635 (S.D. Tex. July 19, 2007). Plaintiffs in *Ramirez* expressly denied that the non-diverse defendant driver, a family member, was negligent. Here, however, Maldonado simply deferred to his litigation team and suggested that "maybe" they had evidence of Laredo's negligent driving or response to the tire detread. Yokohama does not show a lack of evidence to support Maldonado's claim against Laredo.

Instead, Yokohama has made its own claims that Laredo was contributorily negligent or has proportionate responsibility for Maldonado's claims and has been engaged in discovery in order to prove that liability. *E.g.*, Responsive Pleading, D.E. 1-9, p. 8; Deposition of Laredo, D.E. 1-21; Excerpt of Laredo's responses to Yokohama's Request for Admissions, D.E. 1-24. While Yokohama argues that the liability it is engaged in proving against Laredo is not the same as the liability alleged by Maldonado, Yokohama's efforts reinforce the fact that Laredo is a proper party to the case with potential liability for Maldonado's alleged injuries.

Yokohama also argues that, because Maldonado's litigation team has not been visibly active in conducting its own discovery to establish Laredo's liability, they have abandoned (or never had) any intent to prove the claim. This Court is reluctant to second-guess Maldonado's legal team regarding matters of trial strategy. There is

nothing in the record provided by Yokohama that precludes Maldonado from making a case against Laredo.

This scenario bears no resemblance to *Cousins v. Wyeth Pharmaceutical, Inc.*, No. 3:08-CV-310-N, 2008 WL 1883932 (N.D. Tex. April 18, 2008) or *Davis v. Merck & Co.*, 357 F.Supp.2d 974 (E.D. Tex. 2005), cited by Yokohama. In both cases, the plaintiff's claims against the non-diverse defendant doctor were barred, lapsed, or dismissed after the one-year deadline due to the plaintiff's failure to comply with statutory requirements for making a health care liability claim. Yokohama has not demonstrated that Maldonado has failed to comply with any requirement for bringing his claims against Laredo. Neither has Maldonado nonsuited Laredo nor allowed his claim to lapse.

Yokohama has failed to establish that Laredo is an improperly or fraudulently joined party or that he was joined as a defendant in "bad faith" so as to provide an exception to the rule that removal on the basis of diversity may not be permitted after the case has been pending one year. 28 U.S.C. § 1446(c)(1). As an alternative argument, Yokohama suggests that Laredo's non-diverse citizenship should be disregarded because Laredo should be realigned as a plaintiff in this case, thus establishing "complete diversity" while Laredo remains a party. For this argument, Yokohama cites *Peters v. Standard Oil Co. of Texas*, 174 F.2d 162 (5th Cir. 1949).

In *Peters*, a mineral lessor sued another mineral lessor and Standard Oil in an effort to cancel a lease. The mineral lessor who was sued as a defendant was not sued because of any liability to the plaintiff mineral lessor but as an indispensable party due to his co-interest in the lease. Because the mineral lessors' interests were identical and there

were no adverse claims between them, the court permitted removal on the basis of diversity by deeming the parties to be realigned according to their interests.

In determining whether to realign the parties, "the court is not bound by the way plaintiff formally aligns the parties in his original pleading. [Rather,] it is the court's duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Systems, Inc.*, 723 F.2d 1173, 1177-78 (5th Cir. 1984). "The generally accepted test of proper alignment is whether the parties with the same ultimate interests in the outcome of the action are on the same side." *Id*. at 1178. This test is designed to ensure that there is an actual, substantial controversy between citizens of different states. *Id*. The Court must examine the "principal purpose of the suit" and "primary and controlling matter in dispute" in order to determine whether there is the requisite "collision of interest" between parties on opposite sides of the case. *See Zurn Indus., Inc. v. Acton Const. Co.*, 847 F.2d 234, 236 (5th Cir. 1988).

While Maldonado and Laredo both have stated claims against Yokohama, Maldonado maintains separate adverse claims against Laredo that this Court has found to constitute a live, bona fide dispute. Under the circumstances, this adversity between Maldonado and Laredo defeats the argument that their interests are identical and prevents a realignment of the parties. *See e.g, Salge v. Buchanan*, No. C-07-212, 2007 WL 1521738, *5 (S.D. Tex. May 24, 2007).

## CONCLUSION

For the foregoing reasons, the Court finds that the requirement for subject matter jurisdiction, diversity of citizenship pursuant to 28 U.S.C. § 1332, has not been met. Neither was removal timely pursuant to 28 U.S.C. §1446(c)(1). The Plaintiff's Motion to Remand (D.E. 6) is GRANTED and this action is REMANDED to the 229th Judicial District Court of Duval County, Texas, the court from which it was removed.

ORDERED this 8th day of November, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE